United States District Court
Southern District of Texas
**ENTERED**
March 21, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES A. CULMER, § § *Plaintiff*, § § v. § § NANCY A. BERRYHILL, § COMMISSIONER OF THE § SOCIAL SECURITY ADMINISTRATION, § § *Defendant*. § | CIVIL ACTION NO.: 4:18-CV-1266 |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff James A. Culmer filed this case under the Social Security Act, 42 U.S.C. §§ 405(g), for review of the Commissioner's final decision partially granting his request for social security disability insurance benefits. Culmer and the Commissioner filed cross-motions for summary judgment (Dkts. 7, 9). After considering the pleadings, the record, and the applicable law, the court recommends that the district court **GRANT** Culmer's motion, **DENY** the Commissioner's motion, and remand this case to the Commissioner for further proceedings consistent with this Memorandum and Recommendation.[1]

**I.   Background**

**1.   Factual and Administrative History**

Culmer signed his application for social security disability insurance benefits on March 30, 2015 and the agency stamped the application as received on April 24, 2015. Dkt. 5-7 at 2-6. Culmer alleged the date of onset of his disability to be September 29, 2013, the date he stopped working.

---

[1] The District Judge referred this case to this Magistrate Judge for report and recommendation. Dkt. 3.

Dkt. 5-7 at 2. Culmer testified that he stopped working primarily due to back problems. Dkt.5-3 at 49. His claim for disability was denied by the agency on initial review and reconsideration. On January 31, 2017, an administrative law judge (ALJ) held a hearing at which Culmer and a vocational expert testified. No medical advisor testified at the hearing. The ALJ issued a partially favorable decision on April 5, 2017, finding Culmer disabled as of April 24, 2015. Dkt. 5-3 at 15-28. The Appeals Council denied review on March 16, 2018, and the ALJ's decision became the final decision of the Commissioner.

## 2. Standard for District Court Review of the Commissioner's Decision

Section 405(g) of the Act governs the standard of review in social security disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). With respect to all decisions other than conclusions of law,[2] "[i]f the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

---

[2] Conclusions of law are reviewed *de novo*. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

**3.    The ALJ's Decision**

The ALJ performed the standard 5-step sequential analysis,[3] finding in steps one and two that Culmer met the insured status requirements of the Social Security Act through March 31, 2019, did not engage in substantial gainful activity from his alleged onset date through the date of the ALJ's decision, and has severe impairments. Dkt. 5-3 at 17. He further found at step 3 that Culmer's heart condition met Listing 4.02 for chronic heart failure as of January 27, 2017, but not before. *Id.* at 20.

At step four, the ALJ made separate findings and conclusions with respect to Culmer's residual functional capacity (RFC) for the periods before and after April 24, 2015. The ALJ found that prior to April 24, 2015, Culmer was capable of performing his past relevant work as a financial sales associate, and thus was not disabled. *Id.* at 26. However, the ALJ found that as of April 24, 2015, Culmer was not capable of performing his past relevant work, and considering his "age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that [Culmer] can perform." *Id.* at 27. Thus, the ALJ determined that as of April 24, 2015, Culmer was disabled within the meaning of the Act. *Id.* at 28.

## II.   Analysis

Culmer's point of error in this appeal centers on the ALJ's decision to infer April 24, 2015, rather than his alleged onset date of September 29, 2013, as the date he became disabled. Culmer argues that the ALJ's inference that April 24, 2015 is the date of onset of his disability is not supported by substantial evidence because his medical records do not establish that date and the ALJ did not consult a medical advisor as required by Social Security Ruling (SSR) 83-20, 1983

---

[3] The steps are: (1) is the claimant currently working or engaged in substantial gainful activity? (2) Does the claimant have a severe impairment? (3) Does the severe impairment meet or equal on the listings in Appendix A? (4) Based on his residual functional capacity can the claimant perform his past relevant work? (5) Is the claimant capable of performing work that exists in the national economy? 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

3

WL 31249 (1983). According to the Commissioner, the ALJ's decision is supported by substantial evidence because "objective medical evidence indicates that, until April 24, 2015, Plaintiff had some limitations, but not to a disabling degree." Dkt. 10 at 5. The Commissioner contends that the ALJ was not required to consult a medical advisor to determine the onset date in this case "because there was a relatively complete medical chronology of Plaintiff's impairments." Dkt. 11 at 3. The court concludes that Culmer's argument is correct and that the case should be remanded.

1. **Determining the Onset Date of Disability**

The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations. The social security regulations establish that the onset date of a disability is a critical determination because "it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits." SSR 83-20, 1983 WL 31249 at *1. Accordingly, the Fifth Circuit has held "it is essential that the onset date be correctly established and supported by the evidence." *Spellman v. Shalala*, 1 F.3d 357, 361 (5th Cir. 1993) (quoting SSR 83-20).

Social Security Ruling 83-20 sets forth the procedure for determining the onset date of a disability, and requires the ALJ to consider relevant factors, including the claimant's allegation of onset, his work history, and the medical evidence. *Id.* With respect to disabilities of non-traumatic origin, "[t]he starting point of determining onset date is the claimant's allegation of when the disability began," and "the date the disability caused the claimant to stop work is frequently of great significance." 1983 WL 31249 at *2. But the medical evidence is the primary factor to be considered. *Spellman*, 1 F.3d at 361.

The onset date of disability can be particularly difficult to determine when the claimant suffers from a slowly progressive impairment. With slowly progressive impairments, "it is

4

sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." *Id.* (quoting SSR 83-20). When the medical evidence fails to establish a precise date of disability, the onset date must be inferred from the medical and other evidence. *Id.* The Fifth Circuit and others have interpreted SSR 83-20 to require that the inference be an "informed judgment" with a "legitimate medical basis." *Id*. at 361-63 (discussing *Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989), *Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir. 1991), and citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991)). Therefore, when the medical evidence is ambiguous as to onset date in a case involving a slowly progressive impairment, the ALJ cannot infer the date of onset of disability without the assistance of a medical advisor. *Id.* at 362.

**2. The ALJ erred by failing to consult a medical advisor.**

The parties do not dispute that Culmer's conditions are "progressive impairments" within the meaning of SSR 83-20. *See* Dkt. 11 at 2. The parties also do not dispute that SSR 83-20 requires the ALJ to consult a medical advisor when inferring an onset date in a case in which the medical evidence is ambiguous or unavailable. *Id*. Rather, the Commissioner argues that the ALJ was not required to consult a medical advisor in this case because the evidence provided a "relatively complete chronology of Plaintiff's impairments." Dkt. 11 at 3 (citing *Spellman*, 1 F.3d at 363 n.8 (citing *Pugh v. Bowen*, 870 F.2d 1271, 1278 n.9(7th Cir. 1989)).

To support this argument, the Commissioner points to a July 2015 EKG that "showed an ejection fractions rate of 40 to 45%, diffuse hypokinesis, paradoxical septal motion, and depressed global systolic function," and demonstrates a worsening cardiac condition when it is compared to an October 2014 EKG "which revealed an ejection fraction rate of 55%, normal left ventricular systolic function, normal chamber sized, no significant valvular regurgitation or stenosis, and no pericardial effusion." *Id.* The Commissioner contends that Culmer's other impairments worsened

5

after April 2015 as well: "For example, on May 11, 2015, Plaintiff had reduced pulses and reduced reflexes in his feet; on May 18, 2016, he experienced COPD exacerbations that he did not have prior to April 2015; and July 2015 pulmonary function testing revealed severe airway obstruction." *Id.* However, nothing in this medical chronology identifies April 24, 2015 as significant with respect to Culmer's onset date and the ALJ failed to give any explanation for why April 24, 2105 is the proper onset date for Culmer's disability. *See Spellman*, 1 F.3d at 363 (remanding case where nothing in the record suggested the inferred date of disability was significant and the Appeals Council failed to explain why the inferred date was the proper onset date). Like the medical record in *Spellman*, the record in this case is ambiguous as to onset date because it is unclear from the record when Culmer's impairments first restricted his functional capacity. *Id.* ("The medical evidence with regard to the onset date of Spellman's disability is ambiguous because it is unclear when Spellman's mental impairment first restricted her functional capacity.").

The ALJ in this case gave no explanation for his choice of April 24, 2015 as the disability onset date. Although the medical record is extensive, consisting of over 1000 pages, the ALJ's decision fails to explain what medical presumptions can reasonably be made about the course of Culmer's conditions or to cite any information in the medical records that indicates April 24, 2015 is the correct onset date.[4] In the absence of any explanation, the ALJ appears to have chosen as the date of onset of disability the date he believed Culmer to have filed his application for benefits.[5] The Commissioner cites no support for the argument that April 24, 2015 is "a reasonable and supported onset date" because it is the same date Plaintiff filed for benefits. Dkt. 11 at 4. The ALJ's

---

[4] "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).
[5] If the Commissioner intentionally selected the application date as the date of disability, his reasoning is flawed because Culmer signed his application on March 30, 2015, not April 24, 2015. *See Hazelton v. Berryhill*, Civil Action No. 1:16-cv-4298, 2017 WL 5896893 *5 (N.D. Ga. Nov. 2, 2017) (finding that the ALJ did not provide a "convincing rationale" for the chosen onset date where the record showed the stated rationale was mistaken).

selection of April 24, 2015 as the date of onset, in the absence of any explanation or evidence of a medical presumption in support of that date, lacks the legitimate medical basis required in order to make an informed judgment for an inferred date of onset. *See Nixon v. Astrue*, Civil Action No. 1:11-CV-2032, 2012 WL 5507310, *5 (N.D. Ga. Nov. 14, 2012) ("[T]he ALJ appears to have picked an arbitrary onset date, without consulting a medical advisor, and with almost a complete dearth of other medical evidence. Indeed, it is entirely unclear why the ALJ chose November 20, 2006," the date plaintiff filed his application for benefits).

While not controlling authority, cases from other jurisdictions highlight the requirement that an ALJ must have a legitimate medical basis for selecting a particular date as the inferred date of onset of disability. In *Swanson v. Secretary of Health & Human Services*, 763 F.2d 1061,1065 (9th Cir. 1985), the court found that the ALJ erred by relying on the date of diagnosis as the date of onset. In *Lichter v. Bowen*, 814 F.2d 430, 435 (7th Cir. 1987), the court found that the ALJ erred by inferring an onset date that corresponds with first medical diagnosis in the record because SSR 83-20 does not permit an ALJ to rely on the date of first diagnosis solely because no earlier diagnosis date was available. *Id*.

Because the ALJ erred by not consulting a medical advisor to determine the onset date of disability, the ALJ's determination that Culmer was not disabled prior to April 24, 2015 is not supported by substantial evidence and remand is required. *See Nixon*, 2012 WL 5507310, at *7 ("In sum, because the Plaintiff's impairments were progressive in nature and the medical evidence is inadequate, the ALJ was required to infer an onset date of disability. Because the ALJ failed to consult a medical source for an opinion regarding the onset date, the ALJ's inference of November 20, 2006 is not adequately supported by the record. The case must be remanded to allow the ALJ to obtain and consider a medical opinion on this issue."); *Goetz v. Astrue*, No. CV-09-03060-JPH,

2010 WL 3943742, at *3 (E.D. Wash. Oct. 6, 2010) ("The Commissioner admits the ALJ erred by inferring an onset date without the assistance of a medical expert, an error requiring remand.").

### III.   Conclusion and Recommendation

For the reasons stated above, the court recommends that Culmer's motion be **GRANTED**, the Commissioner's motion be **DENIED**, and this case be **REMANDED** to the Commissioner to redetermine the onset date of Culmer's disability with the assistance of a medical advisor, as required by SSR 83-20.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. §636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 21, 2019, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge