IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES A. CULMER, | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION NO.: 4:18-CV-1266 |
| NANCY A. BERRYHILL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § |
| *Defendant*. | § |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act. Dkt. 15. The Commissioner has responded. Dkt. 16.

On April 8, 2019, the district court adopted this court's Memorandum and Recommendation and issued a Final Judgment remanding this case the Commissioner for further proceedings. Dkts. 14. A claimant is entitled to an award of attorney's fees and expenses under the EAJA if (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011). The Commissioner does not dispute that Plaintiff is the prevailing party and is entitled to an award of attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (a plaintiff who obtains a remand order is a prevailing party).

Plaintiff's counsel requests fees for 37.25 hours at $203.29 per hour, for a total fee of $7,572.55. Plaintiff also seeks reimbursement of the $400.00 filing fee. The Commissioner objects to the requested hourly rate, to billing for clerical tasks, and to billing in quarter-hour increments.

"Any attorneys' fees awarded under the EAJA must be reasonable." *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019). The party seeking fees under the EAJA has the burden to prove that the requested fees are not excessive, redundant, or otherwise unnecessary under the facts of the case. *DaSilva v. United States Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 n.40 (5th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

Plaintiff uses the Consumer Price Index – All Urban Consumers (CPI-U) to arrive at the $203.29 hourly rate. The Commissioner contends that district courts in the Southern District of Texas consistently use the CPI rate for the Houston/Galveston/Brazoria area when deciding reasonable fees for EAJA purposes. According to the Commissioner, the CPI for Houston/Galveston/Brazoria area for 2018 and 2019 is $199.58. The court agrees that it is best to use the rate from this geographical area. *See Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (courts should use the CPI rate that most accurately applies to the geographical area); *Rasco v. Berryhill*, Civil Action No. 4:17-cv-0946, 2018 WL 3621054, at *4 (June 4, 2018) (using CPI for Houston/Galveston/Brazoria area to arrive as hourly rates for 2017 and 2018); *Torres v. Astrue, No.* CIV. A. C09-73, 2010 WL 3817130, at *3 (S.D. Tex. Sept. 24, 2010) (reducing rate from requested $168.46 for 2009 to $166.25 because plaintiff did not utilize the Houston/Galveston/Brazoria CPI, which tracks CPI for the Corpus Christi area). The court will adjust Plaintiff's fee request to reflect an hourly rate of $199.58.

The Commissioner next argues that Plaintiff's counsel seeks 3 hours for clerical tasks such as "diary file," going to the post office, and calendaring. Dkt. 16 at 3. Purely clerical tasks may not be properly billed at an attorney rate. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Leroux v. Astrue,* No. 3-10-CV-2634-M, 2012 WL 6757772, at *2 (N.D. Tex. Oct. 26,

2012), *report and recommendation adopted,* No. 3:10-CV-2634-M, 2013 WL 28577 (N.D. Tex. Jan. 2, 2013) ("Plaintiff's counsel should not be awarded attorney's fees for clerical work that could easily be performed by support staff."). Therefore, the court will deduct three hours from the fee request.

The Commissioner also requests an additional 1.25 hours be deducted because Plaintiff's counsel billed in quarter-hour increments. The Commissioner asserts that entries on October 31, 2018, November 30, 2018, December 28, 2018, January 31, 2019, and February 28, 2019, all for 0.25 hours to "Review status of file. Re-diary file" are unreasonable. It is unclear what exactly is involved in this task, but it is likely that 15 minutes is excessive given the lack of activity in the case during the period at issue while summary judgment motions were under consideration by the court. In addition to the items pointed out by the Commissioner, counsel also billed .25 hours for reviewing one-page orders from the court (such as on April 26, 2018 and June 29, 2018, which also appear duplicative), which is excessive. *See Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) ("The court finds that billing one quarter-hour to review each of these short and basic documents is excessive."). Therefore, overall the court finds it is reasonable to deduct 1.25 hours from the fee request due to this billing practice.

For the reasons discussed above the court recommends that Plaintiff's EAJA Fee Application (Dkt. 24) be granted in part and the court award Plaintiff $6,586.14 (33 hours at $199.58 per hour) for her reasonable attorney fees in this case.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 30, 2019, at Houston, Texas.

                                        Christina A. Bryan
                                 United States Magistrate Judge